UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BENJAMIN HEETER and FIREARMS POLICY COALITION, INC.,

Plaintiffs,

vs.

STEVEN G. JAMES, LETITIAL JAMES, and MICHAEL J. KEANE, all in their official capacities

Defendants.

Civil Action No.: 24-cv-00623-JLS

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

JEREMY C. TOTH, ESQ.
County Attorney
*Attorneys for Michael J. Keane*

By: Christopher J. Sasiadek, Esq.
Assistant County Attorney
95 Franklin Street, Room 1634
Buffalo, New York, 14202

## ARGUMENT

Defendant, MICHAEL J. KEANE, sued in his official capacity as Acting District Attorney for Erie County, New York respectfully requests an Order pursuant to Federal Rules of Civil Procedure 12(b)(6) dismissing the plaintiffs' complaint as against Michael J. Keane on the grounds that he is an improper party to this suit.

## LEGAL STANDARD

To survive dismissal under Fed R. Civ. P. 12(b)(6), a pleading must contain sufficient factual allegations which state a facially plausible claim for relief. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

For plaintiffs to have Article III standing, they must establish three things: (1) that they have an injury in fact; (2) that there is a causal connection between their injury and the conduct complained of; and (3) that their injury will be redressed by a favorable judicial decision. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). An injury in fact must be "particularized," and it must be "concrete." *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 340, 136 S.Ct. 1540, 194 L.Ed.2d 635 (2016), see *TransUnion LLC v. Ramirez*, 141, S.Ct. 2190, 2201 (2021) ("But *Spokeo* is not an open-ended invitation for federal courts to loosen Article III based on contemporary, evolving beliefs about what kinds of suits should be heard in federal courts.") "Particularized" injuries "affect the plaintiff in a personal and individual way." Id. (internal quotation marks omitted). Concrete injuries are "physical, monetary, or cognizable

intangible harm[s] traditionally recognized as providing a basis for a lawsuit in American courts." *See Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 443 (2d Cir. 2022).

Here, plaintiffs lack standing to sue. "The doctrine of standing [requires] that a litigant 'prove that he has suffered a concrete and particularized injury that is fairly traceable to the challenged conduct, and is likely to be redressed by a favorable judicial decision.'" *See Carney v. Adams* 141 S. Ct. 493, 498 (2020). And the injury has to be *real*: "an 'injury in fact' must be 'concrete and particularized,' as well as 'actual or imminent.' It cannot be 'conjectural or hypothetical.'" *Id*. (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). Plaintiffs have not made the requisite showing. Notably, "an organization that has not suffered a concrete injured caused by a defendant's action cannot spend its way into standing simply by expending money to gather information and advocate against the defendant's action." *FDA v. Alliance for Hippocratic Medicine,* 602 U.S. 367, 370 (2024).

### ACTING DISTRICT ATTORNEY KEANE IS NOT A PROPER PARTY TO THIS LAWSUIT

Acting District Attorney Keane did not cause the injuries alleged in the Complaint. [ECF No. 1]. To establish causation for standing purposes, "there must be a causal connection between the injury and the conduct complained of – the injury has to be fairly…trace[able] to the challenged action of the defendant." *See Lujan*, 504 U.S. at 560-61. Even assuming plaintiffs could establish injury-in-fact, plaintiffs still fail to link their alleged injuries to any conduct by Acting District Attorney Keane.

To the extant the plaintiffs point to the fact that "[a]s District Attorney, Defendant Keane 'is the prosecutorial officer with the responsibility to conduct all prosecutions for crimes and

3

offenses cognizable by the courts of the county in which [he] serves,'" (*See* Compl. At ¶ 14.) the argument that any claimed injury is "fairly traceable" to Defendant Keane still fails. While counsel was unable to find precedent addressing directly the question of whether a district attorney is a proper party to actions like this one, there is caselaw indicating that similarly positioned officials were not proper parties. First, in *Libertarian Party of Erie County v. Cuomo*, the Second Circuit held that the state governor, attorney general, and county pistol permit licensing officer were not proper parties to a lawsuit brought by individuals who had been denied pistol permits. *See* 970 F.3d 106 at 122. Similarly, in *Paulk v. Kearns*, this Court held that to successfully bring a claim under §1983, "a plaintiff must plead and prove that each Government official defendant, through the official's own individual actions has violated the Constitution." *See* 596 F.Supp.3d 491 at 501. In that case, the plaintiff failed to make any factual allegations indicating that a county clerk was personally involved in denying the plaintiff's firearms license. *See Id*. In the present matter, the plaintiffs have failed to allege any action by Defendant Keane which would have violated the plaintiff's constitutional rights.

Furthermore, Defendant Keane cannot provide the relief requested by the plaintiffs. To successfully show redressability, there must exist a non-speculative likelihood that the injury can be remedied by the relief requested. *See Lujan*, 504 U.S. at 560-61. Even assuming, for the sake of argument, that this was an injury to a "legally protected interest," *See Id.* at 556, the unavailability of a certain body armor was not caused by, and is not redressable by, Acting District Attorney Keane.

**<u>CONCLUSION</u>**

For the forgoing reasons, the Court should grant Defendant Keane's partial motion to dismiss and order that Acting District Attorney Keane be dismissed from this action and such other further relief as the Court deems just and proper

DATED:    Buffalo, New York
                August 7, 2024

                                      Yours, etc.
                                      JEREMY C. TOTH, Erie County Attorney and
                                      Attorney for Michael J. Keane

                                      By: <u>/s/ Christopher Sasiadek</u>
                                      Christopher J. Sasiadek, Esq.
                                      Assistant County Attorney, of Counsel
                                      95 Franklin Street, Room 1634
                                      Buffalo, New York, 14202
                                      (716) 858-2200