UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BENJAMIN HEETER and FIREARMS POLICY COALITION, INC.,

                Plaintiffs,

vs.

STEVEN G JAMES, LETITIA JAMES and MICHAEL J. KEANE all in their official capacities,

                Defendants.

Case No. 24-CV-00623-JLS

# MEMORANDUM OF LAW IN SUPPORT OF SUPERINTEDENT JAMES' AND ATTORNEY GENERAL JAMES' MOTION TO BE DISMISS

LETITIA JAMES
Attorney General of the State of New York
RYAN BELKA
Assistant Attorney General, of Counsel
Main Place Tower, Suite 300A
350 Main Street
Buffalo, New York 14202
Tel: (716) 853-8440

**TABLE OF CONTENTS**

LEGAL STANDARD .................................................................................................................. 2

ARGUMENT .................................................................................................................................. 2

POINT I:  ATTORNEY GENERAL JAMES IS NOT A PROPER PARTY TO THIS LAWSUIT
................................................................................................................................................... 2

POINT II:  THE ORGANIZATIONAL PLAINTIFF LACKS STANDING BECAUSE IT HAS SUFFERED NO INJURY OF ITS OWN ....................................................................................... 4

CONCLUSION ............................................................................................................................... 6

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) .................................................................................. 4

*Carney v. Adams* 141 S. Ct. 493, 498 (2020) ................................................................................ 3

*Citizens Union of the City of N.Y. v. Attorney General of N.Y.*, 2017 U.S. Dist. Lexis 97514, at *9
 (S.D.N.Y. June 23, 2017) .......................................................................................................... 4

*Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 416-17 (2013) ........................................................ 5

*Conn. Parents Union v. Russell-Tucker*, 8 F.4th 167, 174 (2d Cir. 2021) ..................................... 5

*Connecticut Citizens Defense League Inc. v. Lamont*, 6 F.4th 439 (2021) ............................ 4, 5, 6

*Ex parte Young*, 209 U.S. 123, 157 (1908) .................................................................................... 4

*FDA v. Alliance for Hippocratic Medicine,* 602 U.S. 367, 370 (2024) ..................................... 3, 6

*Harty v. W. Point Realty, Inc.,* 28 F.4th 435, 443 (2d Cir. 2022) .................................................. 3

*Hollingsworth v. Perry*, 570 U.S. 693, 704 (2013) ........................................................................ 3

*Kelly v. N.Y. State Civil Service Com'n*, 2015 U.S. Dist. Lexis 27443, at *8 (S.D.N.Y. Jan. 26,
 2015) .......................................................................................................................................... 4

*Lawyers Cmte. for 9/11 Inquiry, Inc. v. Garland*, 43 F.4th 276, 283 (2d Cir. 2022) ................ 5, 6

*Libertarian Party of Erie Cnty. v. Cuomo*, 970 F.3d 106, 122 (2d Cir. 2021) .............................. 3

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) ............................................................ 3

*Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) ......... 4

*Maddox v. Bank of New York Mellon Tr. Co., N.A.*, 19 F.4th 58, 63–64 (2d Cir. 2021) ............... 3

*Spokeo, Inc. v. Robins*, 578 U.S. 330, 340, 136 S.Ct. 1540, 194 L.Ed.2d 635 (2016) ................... 3

*TransUnion LLC v. Ramirez*, 141, S.Ct. 2190, 2201 (2021) ......................................................... 3

Defendant Steven G. James, sued in his official capacity as Superintendent of the New York State Police, and Letitia James, sued in her official capacity as Attorney General for the State of New York, respectfully submit this memorandum of law in support of their partial motion to dismiss Attorney General James as an improper party and dismiss the Firearms Policy Coalition, Inc. ("FPC") for lack of standing from this litigation.

## LEGAL STANDARD

To survive dismissal under Fed R. Civ. P. 12(b)(1), a pleading must contain sufficient factual allegations which state a facially plausible claim for relief. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

For plaintiffs to have Article III standing, they must establish three things: (1) that they have an injury in fact; (2) that there is a causal connection between their injury and the conduct complained of; and (3) that their injury will be redressed by a favorable judicial decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). An injury in fact must be "particularized," and it must be "concrete." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340, 136 S.Ct. 1540, 194 L.Ed.2d 635 (2016), *see TransUnion LLC v. Ramirez*, 141, S.Ct. 2190, 2201 (2021) ("But *Spokeo* is not an open-ended invitation for federal courts to loosen Article III based on contemporary, evolving beliefs about what kinds of suits should be heard in federal courts.") "Particularized" injuries "affect the plaintiff in a personal and individual way." *Id.* (internal quotation marks omitted). Concrete injuries are "physical, monetary, or cognizable intangible harm[s] traditionally recognized as providing a basis for a lawsuit in American courts." *Harty v. W. Point Realty, Inc.,* 28 F.4th 435, 443 (2d Cir. 2022) *see also Maddox v. Bank of New York Mellon Tr. Co., N.A.*, 19 F.4th 58, 63–64 (2d Cir. 2021).

Here, plaintiffs lack standing to sue.  "The doctrine of standing [requires] that a litigant 'prove that he has suffered a concrete and particularized injury that is fairly traceable to the challenged conduct, and is likely to be redressed by a favorable judicial decision.'"  *Carney v. Adams* 141 S. Ct. 493, 498 (2020) (quoting *Hollingsworth v. Perry*, 570 U.S. 693, 704 (2013)).  And the injury has to be *real*: "an 'injury in fact' [] must be 'concrete and particularized,' as well as 'actual or imminent.'  It cannot be 'conjectural or hypothetical.'"  *Id*. (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).  Plaintiffs have not made the requisite showing.  Notably, "an organization that has not suffered a concrete injured caused by a defendant's action cannot spend its way into standing simply by expending money to gather information and advocate against the defendant's action."  *FDA v. Alliance for Hippocratic Medicine,* 602 U.S. 367, 370 (2024).

## ARGUMENT

### POINT I

### ATTORNEY GENERAL JAMES IS NOT A PROPER PARTY TO THIS LAWSUIT

Attorney General James did not cause the injuries alleged in the Amended Complaint. [ECF No. 19]. To establish causation for standing purposes, "there must be a causal connection between the injury and the conduct complained of – the injury has to be fairly…trace[able] to the challenged action of the defendant." *Lujan*, 504 U.S. at 560-61. Even assuming Plaintiffs could establish injury-in-fact, Plaintiffs still fail to link their alleged injuries to any conduct by Attorney General James as they are not traceable or redressable by her.

To the extent Plaintiffs point to the fact that AG James "exercises, delegates, or supervises all the powers and duties of the New York Department of Law", Am. Compl. at ¶ 14, and, therefore, their injury is "fairly traceable" to AG James, those claims fail. Courts have

2

expressly held that the Attorney General is not a proper party to actions, like this one, challenging New York's firearms laws. *See Libertarian Party of Erie Cnty. v. Cuomo*, 970 F.3d 106, 122 (2d Cir. 2021), *cert. denied*, 141 S.Ct. 2797 (2021), *abrogated in part on other grounds by Bruen*, 142 S.Ct. at 2127 n.4. AG James does not have any role to play in implementing or enforcing the body armor statute challenged by this lawsuit. Likewise, assuming *arguendo*—but not admitting—that Plaintiffs suffered injury by virtue of the absence of an option to purchase military grade body armor, that injury would also not be "fairly traceable" to AG James. *Id* at 122.

      Moreover, Attorney General James cannot provide the relief requested. To successfully show redressability, there must exist a non-speculative likelihood that the injury can be remedied by the relief requested. *Lujan*, 504 U.S. at 560-61. Even assuming, for the sake of argument, that this was an injury to a "legally protected interest," *Lujan*, 504 U.S. at 556, the unavailability of a certain body armor was not caused by, and is not redressable by, Attorney General James.

      For similar reasons as stated above, Eleventh Amendment immunity precludes suit against the Attorney General, who has been named in her official capacity. *Ex parte Young*, 209 U.S. 123, 157 (1908), is inapplicable because Plaintiffs have not alleged, as they must, that Attorney General James "both a particular duty to enforce the statute in question and a demonstrated willingness to exercise that duty." *See Kelly v. N.Y. State Civil Service Com'n*, 2015 U.S. Dist. Lexis 27443, at *8 (S.D.N.Y. Jan. 26, 2015). A general ability or obligation to enforce state laws is not sufficient to pierce Eleventh Amendment immunity, *see Citizens Union of the City of N.Y. v. Attorney General of N.Y.*, 2017 U.S. Dist. Lexis 97514, at *9 (S.D.N.Y. June 23, 2017), and that is all Plaintiffs have alleged. Accordingly, Plaintiffs' claims against Attorney General James are subject to dismissal as she is not a proper party to this lawsuit.

**POINT II**

**THE ORGANIZATIONAL PLAINTIFF LACKS STANDING BECAUSE IT HAS SUFFERED NO INJURY OF ITS OWN**

The organizational plaintiff, Firearms Policy Coalition, Inc., lacks standing because it cannot bring suit vicariously on behalf of their members, and because they cannot demonstrate any injury in their own right. The analysis is governed by the Second Circuit's recent decision in *Connecticut Citizens Defense League Inc. v. Lamont*, 6 F.4th 439 (2021) ("*CCDL*"). *CCDL*, like this action, was a case brought by an interest group focusing on gun issues, attempting to challenge a state measure on Second Amendment grounds. Id. at 441. Although the district court granted a preliminary injunction, the Second Circuit reversed and vacated (in relevant part) on standing grounds: with regard to the organizational plaintiff, the Circuit noted its longstanding doctrine that an organization "lack[s] 'standing to assert the rights of its members,'" and could only bring a Section 1983 "suit on its *own* behalf" if it could show that the organization itself suffered an "actual or threatened injury in fact." Id. at 447; *see Conn. Parents Union v. Russell-Tucker*, 8 F.4th 167, 174 (2d Cir. 2021) ("where, as here, an organization is not directly regulated by a challenged law or regulation," it must establish "an involuntary material burden on its established core activities"). The organizational plaintiff in CCDL argued that it "diverted resources" in response to the challenged measure by "communicat[ing] with individuals across Connecticut" and "sen[ding] a letter to the Governor." Id. But the Circuit found that this was no basis for standing, when communicating with members, lobbying the government, and pursuing litigation generally were "integral to CCDL's mission to preserve the effectiveness of the Second

4

Amendment," making the relied-on actions "not a departure from CCDL's usual activities." *Id.* (cleaned up).

So too with the organizational plaintiff here. Plaintiff FPC states that its purpose is to "serve[] its members and the public through legislative advocacy, grassroots advocacy, litigation and legal efforts, research, education, and other programs." Am. Compl. at ¶ 11. And the organization's purported injuries amount to continuing with these grassroots advocacy activities, including by setting up a "hotline" to speak to members and the public.[1] *Id*. at 11-13. These activities cannot be a basis for standing because they are "not a departure from [the organization's] usual activities."[2] *CCDL*, 6 F.4th at 447; *see Lawyers' Committee for 9/11 Inquiry, Inc. v. Garland*, 43 F.4th 276, 283 (2d Cir. 2022) (expenditure of money and resources does not confer standing if it goes to "the very mission of the plaintiff organizations"). Moreover, the only ongoing harm alleged by this organization is allegedly "incur[ing] ongoing expenses to operate the hotline," and that FPC "expect[] to continue to be required to expend additional resources addressing New York's laws." *Id.* at 13. "Such a conclusory assertion cannot support standing, and falls short of establishing a 'likelihood' of future injury." *CCDL*, 6 F.4th at 448. Importantly, the Supreme Court recently held that "an organization that has not suffered a concrete injury caused by a defendant's action cannot spend its way into standing

---

[1] Voluntary litigation activity is also not a sufficient basis for standing. *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 416-17 (2013); *Lawyers Cmte. for 9/11 Inquiry, Inc. v. Garland*, 43 F.4th 276, 283 (2d Cir. 2022).

[2] FPC's "hotline" appears to only be simple online contact forms. Plaintiff FPC regularly sets up such "hotlines" to communicate members and find potential plaintiffs for lawsuits, including before the passage of the New York law it is challenging here. *See, e.g.,* https://twitter.com/gunpolicy/status/1536830928177221633 (June 14, 2022) (seeking plaintiffs in Florida for a lawsuit and telling them to "please fill out our hotline form"); https://twitter.com/gunpolicy/status/1540108011229683717 (June 23, 2022) ("[i]f you are denied a license to carry, please let our FPC Law team know by filing a report using the FPC 2A hotline").

5

simply by expending money to gather information and advocate against the defendant's action. An organization cannot manufacture its own standing in that way." *FDA v. Alliance for Hippocratic Medicine,* 602 U.S. 367, 394 (2024). Thus, FPC cannot establish organizational standing and, as such, must be dismissed as a Plaintiff in this lawsuit.

## **CONCLUSION**

For the foregoing reasons, the Court should grant the State's partial motion to dismiss and order that Attorney General Letitia James, as Defendant, and the Firearms Policy Coalition, Inc., as Plaintiff, be dismissed and such other and further relief as the court deems just and proper.

Dated:   September 13, 2024
Buffalo, New York

> LETITIA JAMES
> Attorney General of the State of New York
> Attorney for Defendants
> BY: /s/ *Ryan L. Belka*
>        Ryan L. Belka
> Assistant Attorney General of Counsel
> Main Place Tower, Suite 300A
> 350 Main Street
> Buffalo, NY 14202
> (716) 853-8440
> Ryan.Belka@ag.ny.gov