UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BENJAMIN HEETER and FIREARMS POLICY COALITION, INC.,

Plaintiffs,

vs.

STEVEN G. JAMES, LETITIA L. JAMES, and MICHAEL J. KEANE, all in their official capacities

Defendants.

---

Civil Action No.: 24-cv-00623-JLS

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

JEREMY C. TOTH, ESQ.
County Attorney
*Attorneys for Michael J. Keane*

By: Christopher J. Sasiadek, Esq.
Assistant County Attorney
95 Franklin Street, Room 1634
Buffalo, New York, 14202

1

# **TABLE OF CONTENTS**

**PRELIMINARY STATEMENT** ................................................................................................ 4

**LEGAL STANDARD** ................................................................................................................ 4

**ARGUMENT** ............................................................................................................................... 5

    **POINT I: DEFENDANT KEANE IS NOT A PROPER PARTY TO THIS LAWSUIT** .............. 5

        A. Defendant Keane had no personal involvement with the claimed injury. ............................ 6

        B. Defendant Keane cannot provide the relief requested. ........................................................ 7

    **POINT II: THE ORGANIZATIONAL PLAINTIFF LACKS STANDING BECAUSE IT HAS SUFFERED NO INJURY OF ITS OWN** ................................................................................. 7

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)..................................................................................4

*Carney v. Adams* 141 S. Ct. 493, 498 (2020) ...............................................................................5

*FDA v. Alliance for Hippocratic Medicine,* 602 U.S. 367, 370 (2024).........................................5

*Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 443 (2d Cir. 2022)..................................................5

*Hernandez v. Keane.* 341 F.3d 137, 144 (2d Cir. 2003) ................................................................6

*Libertarian Party of Erie County v. Cuomo, 970 F.3d 106 at 122.* ...............................................6

*Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) 4, 5, 7

*Paulk v. Kearns, 596 F.Supp 3d 491 at 501* .................................................................................6

*Spokeo, Inc. v. Robins*, 578 U.S. 330, 340, 136 S.Ct. 1540, 194 L.Ed.2d 635 (2016) ..................4

*TransUnion LLC v. Ramirez*, 141, S.Ct. 2190, 2201 (2021).........................................................4

**PRELIMINARY STATEMENT**

Defendant, MICHAEL J. KEANE, sued in his official capacity as Acting District Attorney for Erie County, New York respectfully requests an Order pursuant to Federal Rules of Civil Procedure 12(b)(6) dismissing the plaintiffs' amended complaint as against Michael J. Keane on the grounds that he is an improper party to this suit and dismissing all claims brought by the Firearms Policy Coalition, Inc., for lack of standing.

**LEGAL STANDARD**

To survive dismissal under Fed R. Civ. P. 12(b)(6), a pleading must contain sufficient factual allegations which state a facially plausible claim for relief. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

For plaintiffs to have Article III standing, they must establish three things: (1) that they have an injury in fact; (2) that there is a causal connection between their injury and the conduct complained of; and (3) that their injury will be redressed by a favorable judicial decision. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). If any of these elements is missing, the federal court lacks jurisdiction to entertain the claim. *See Id.* An injury in fact must be "particularized," and it must be "concrete." *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 340, 136 S.Ct. 1540, 194 L.Ed.2d 635 (2016), see *TransUnion LLC v. Ramirez*, 141, S.Ct. 2190, 2201 (2021) ("But *Spokeo* is not an open-ended invitation for federal courts to loosen Article III based on contemporary, evolving beliefs about what kinds of suits should be heard in federal courts.") "Particularized" injuries "affect the plaintiff in a personal and individual way." Id. (internal quotation marks omitted). Concrete injuries are "physical, monetary, or cognizable

4

intangible harm[s] traditionally recognized as providing a basis for a lawsuit in American courts." *See Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 443 (2d Cir. 2022).

Here, plaintiffs lack standing to sue. "The doctrine of standing [requires] that a litigant 'prove that he has suffered a concrete and particularized injury that is fairly traceable to the challenged conduct, and is likely to be redressed by a favorable judicial decision.'" *See Carney v. Adams* 141 S. Ct. 493, 498 (2020). And the injury has to be *real*: "an 'injury in fact' must be 'concrete and particularized,' as well as 'actual or imminent.' It cannot be 'conjectural or hypothetical.'" *Id*. (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). Plaintiffs have not made the requisite showing. Notably, "an organization that has not suffered a concrete injury caused by a defendant's action cannot spend its way into standing simply by expending money to gather information and advocate against the defendant's action." *FDA v. Alliance for Hippocratic Medicine,* 602 U.S. 367, 370 (2024).

## ARGUMENT
## POINT I: <u>DEFENDANT KEANE IS NOT A PROPER PARTY TO THIS LAWSUIT</u>

Acting District Attorney Keane did not cause the injuries alleged in the amended complaint. [ECF No. 19]. To establish causation for standing purposes, "there must be a causal connection between the injury and the conduct complained of – the injury has to be fairly…trace[able] to the challenged action of the defendant." *See Lujan*, 504 U.S. at 560-61. Even assuming plaintiffs could establish injury-in-fact, plaintiffs still fail to link their alleged injuries to any conduct by Acting District Attorney Keane.

In their amended complaint, the plaintiffs allege that, "[a]s District Attorney, Defendant Keane 'is the prosecutorial officer with the responsibility to conduct all prosecutions for crimes

and offenses cognizable by the courts of the county in which he serves.'" (*See* Am. Compl. at ¶16.) While this allegation generally holds true, it does nothing to trace any claimed injury to Defendant Keane. Because Defendant Keane had no role in any claimed violation of the plaintiffs' constitutional rights, he is not a proper party to this suit.

### A. Defendant Keane had no personal involvement with the claimed injury.

Caselaw indicates that similarly positioned officials are not proper parties to suits such as this one. First, in *Libertarian Party of Erie County v. Cuomo*, the Second Circuit held that the state governor, attorney general, and county pistol permit licensing officer were not proper parties to a lawsuit brought by individuals who had been denied pistol permits. *See* 970 F.3d 106 at 122 (2020). Similarly, in *Paulk v. Kearns*, this Court held that to successfully bring a claim under §1983, "a plaintiff must plead and prove that each Government official defendant, through the official's own individual actions has violated the Constitution." *See* 596 F.Supp.3d 491 at 501 (2022). Furthermore, the theory of respondent superior is not available in a Section 1983 action. See *Id. citing Hernandez v. Keane*. 341 F.3d 137, 144 (2d Cir. 2003). In *Paulk*, the plaintiff failed to make any factual allegations indicating that a county clerk was personally involved in denying the plaintiff's firearms license. *See Id*. Because the clerk did not personally take a role in denying the pistol permit, he was found to not be a proper party. In the present matter, the plaintiffs have failed to allege any action by Defendant Keane which would have violated the plaintiff's constitutional rights.

### B. Defendant Keane cannot provide the relief requested.

Furthermore, Defendant Keane cannot provide the relief requested by the plaintiffs. To successfully show redressability, there must exist a non-speculative likelihood that the injury can be remedied by the relief requested. *See Lujan*, 504 U.S. at 560-61. Even assuming, for the sake of argument, that this was an injury to a "legally protected interest," *See Id.* at 556, the unavailability of a certain body armor was not caused by, and is not redressable by, Acting District Attorney Keane.

### POINT II: THE ORGANIZATIONAL PLAINTIFF LACKS STANDING BECAUSE IT HAS SUFFERED NO INJURY OF ITS OWN

Defendant Keane adopts the arguments of Defendants Steven James and Letitia James contained in Point II of their motion to dismiss the Plaintiffs' amended complaint and incorporates the same herein by reference.

## **CONCLUSION**

For the forgoing reasons, the Court should grant Defendant Keane's partial motion to dismiss and order that (i) Acting District Attorney Michael J. Keane be dismissed from this action, (ii) that all claims brought by the Firearms Policy Coalition, Inc. be dismissed for lack of standing, and (iii) such other further relief as the Court deems just and proper

DATED:    Buffalo, New York
          September 14, 2024

                Yours, etc.
                JEREMY C. TOTH, Erie County Attorney and
                Attorney for Michael J. Keane

                By: /s/ Christopher Sasiadek
                Christopher J. Sasiadek, Esq.
                Assistant County Attorney, of Counsel
                95 Franklin Street, Room 1634
                Buffalo, New York, 14202
                (716) 858-2200