UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BENJAMIN HEETER, et al.,

                                Plaintiffs,

    v.                                                        **ANSWER to AMENDED COMPLAINT**
                                                                         1:24-cv-00623 (JLS)

LETITIA JAMES, et al.,

                                Defendants.
_____

       Defendant Sandra Doorley, in her official capacity as District Attorney for the County of Monroe, by and through her counsel, John P. Bringewatt, Monroe County Attorney, and Robert J. Shoemaker, of Counsel, answer Plaintiff's First Amended Complaint as follows:

1. Deny knowledge or information sufficient to form a belief.

2. Deny knowledge or information sufficient to form a belief.

3. Deny.

4. Submit that it is inappropriate to cite caselaw in a complaint and that therefore no response is required; alternatively, deny.

5. Deny knowledge or information sufficient to form a belief.

6. Deny knowledge or information sufficient to form a belief.

7. Deny knowledge or information sufficient to form a belief.

8. Deny knowledge or information sufficient to form a belief.

9. Deny knowledge or information sufficient to form a belief.

10. Deny knowledge or information sufficient to form a belief.

11. Deny knowledge or information sufficient to form a belief.

12. Deny knowledge or information sufficient to form a belief.

13. Deny knowledge or information sufficient to form a belief.

14. Deny knowledge or information sufficient to form a belief.

15. Deny knowledge or information sufficient to form a belief.

16. Deny knowledge or information sufficient to form a belief.

17. Deny knowledge or information sufficient to form a belief.

18. Admit all except "where plaintiff Wurtenberg resides"; for where plaintiff Wurtenberg resides: deny knowledge or information sufficient to form a belief.

19. Submit that it is inappropriate to cite caselaw in a complaint and that therefore no response is required; alternatively, deny.

20. Deny.

21. Admit.

22. Admit.

23. Deny knowledge or information sufficient to form a belief.

24. Deny knowledge or information sufficient to form a belief.

25. Deny knowledge or information sufficient to form a belief.

26. Deny knowledge or information sufficient to form a belief.

27. Deny knowledge or information sufficient to form a belief.

28. Deny knowledge or information sufficient to form a belief.

29. Deny knowledge or information sufficient to form a belief.

30. Deny knowledge or information sufficient to form a belief.

31. Deny knowledge or information sufficient to form a belief.

32. Deny knowledge or information sufficient to form a belief.

33. Deny knowledge or information sufficient to form a belief.

34. Deny knowledge or information sufficient to form a belief.

35. Submit that it is inappropriate to cite caselaw in a complaint and that therefore no response is required; alternatively, deny.

36. Submit that it is inappropriate to cite caselaw in a complaint and that therefore no response is required; alternatively, deny.

37. Admit.

38. Submit that it is inappropriate to cite caselaw in a complaint and that therefore no response is required; alternatively, deny.

39. Submit that it is inappropriate to cite caselaw in a complaint and that therefore no response is required; alternatively, deny.

40. Submit that it is inappropriate to cite caselaw in a complaint and that therefore no response is required; alternatively, deny.

41. Submit that it is inappropriate to cite caselaw in a complaint and that therefore no response is required; alternatively, deny.

42. Deny.

43. Submit that it is inappropriate to cite caselaw in a complaint and that therefore no response is required; alternatively, deny.

44. Submit that no response is necessary and OBJECT as it is generally "inappropriate to include a legal argument ... within a complaint" *(Jennings v. Hunt Companies, Inc.*, 367 F. Supp. 3d 66, 71 [S.D.N.Y. 2019]). Without waiving the objection, deny.

45. Deny.

46. Deny knowledge or information sufficient to form a belief.

47. Deny.

48. Deny knowledge or information sufficient to form a belief.

49. Deny knowledge or information sufficient to form a belief.

50. Deny knowledge or information sufficient to form a belief.

51. Deny knowledge or information sufficient to form a belief.

52. Deny knowledge or information sufficient to form a belief.

53. Deny knowledge or information sufficient to form a belief.

54. Deny knowledge or information sufficient to form a belief.

55. Submit that no response is required.

56. Deny.

57. Admit.

58. Deny.

59. Admit.

60. Admit.

61. Deny.

62. Deny.

63. Deny.

DENY the prayer for relief.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

64. The Complaint fails to state a claim against the Defendants upon which relief can be granted.

### Second Affirmative Defense

65. Plaintiffs have failed to join a necessary party.

### Third Affirmative Defense

66. Plaintiffs lack standing.

### Fourth Affirmative Defense

67. The complaint contains excessive and impermissible legal argument.

### Fifth Affirmative Defense

68. There is no controversy and no standing because the statutes at issue are moribund.

### Sixth Affirmative Defense

69. Defendant cannot be liable for attorneys' fees because enforcement and other actions were not clearly in excess of defendant's jurisdiction.

### Seventh Affirmative Defense

70. There is no controversy and no standing because the statutes have not been enforced in Monroe County in recent memory (zero times in the past 10 years).

### Eighth Affirmative Defense

71. There was and will be no Constitutional violation in enforcing the statute because the phrase "bear arms" is a 1791-era idiom referring to military or militia service. Plaintiffs have failed to plead their involvement in a militia.

**WHEREFORE**, Defendant Doorley demands:

A. Judgment dismissing Plaintiff's complaint and all of its counts and claims, together with costs and disbursements;

B. Such other and further relief as this Court may deem just and proper.

John P. Bringewatt, Monroe County Attorney
*Attorney for Sandra Doorley, Monroe County District Attorney*

Dated: September 18, 2024        *s/ Robert J. Shoemaker*
_____
**Robert J. Shoemaker, Esq. of Counsel**
Deputy County Attorney
307 County Office Building
39 West Main Street, Rochester, New York 14614
Telephone:  585-753-1472
boshoemaker@monroecounty.gov

Service upon all counsel *via* CM/ECF.