UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BENJAMIN HEETER and FIREARMS POLICY COALITION, INC.,

        Plaintiffs,

vs.

STEVEN G JAMES, LETITIA JAMES and MICHAEL J. KEANE all in their official capacities,

        Defendants.

Case No. 24-CV-00623-JLS

## SUPERINTEDENT JAMES' AND ATTORNEY GENERAL JAMES' REPLY

LETITIA JAMES
New York State Attorney General
RYAN BELKA
Assistant Attorney General, of Counsel
Main Place Tower, Suite 300A
350 Main Street
Buffalo, New York 14202
Tel: (716) 853-8440

i

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................... ii

There Are No Grounds To Rewrite The Law Of Organizational Standing ................................... 1

Attorney General James is Not a Proper Party to this Lawsuit ........................................................ 3

CONCLUSION ................................................................................................................................ 6

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

664 F. Supp. 3d 235 (D. Conn. 2023), aff'd, 2024 WL 177707 (2d Cir. 2024) ..............................2

*Conn. Citizens Defense Lg., Inc. v. Lamont*,
  6 F.4th 439 (2d Cir. 2021) ..........................................................................................................1

*Connecticut Citizens Defense League, Inc. v. Thody* ....................................................................2

*Connolly v. McCall*,
  No. 98 Civ. 2889, 2000 WL 375239, at *3 (S.D.N.Y. Apr. 12, 2000) ......................................2

*Ecogen, LLC v. Town of Italy*,
  438 F. Supp. 2d 149 n.2 (W.D.N.Y. 2006) ................................................................................2

*FDA v. All. for Hippocratic Med.*,
  602 U.S. 376 (2024) ...................................................................................................................2

*Fenner v. City of New York*,
  392 Fed. App'x 892 (2d Cir. 2010).............................................................................................2

*Hunt v. Wash. State Apple Advert. Comm'n*,
  432 U.S. 333 (1977) ...................................................................................................................1

*Kelly v. N.Y. State Civil Service Com'n*,
  2015 U.S. Dist. Lexis 27443 (S.D.N.Y. Jan. 26, 2015) .............................................................3

*N.Y. State Citizens' Coalition for Children v. Velez*,
  629 F. App'x 92 (2d Cir. 2015) ..................................................................................................1

*New York State Rifle & Pistol Ass'n, Inc. v. Buren*,
  597 U.S. 1 (2022).......................................................................................................................4

*Nnebe v. Daus*,
  644 F.3d 147 (2d Cir. 2011).......................................................................................................1

**CONSTITUTIONS**

Second Amendment .........................................................................................................................2

Eleventh Amendment ......................................................................................................................4

**FEDERAL STATUTES**

42 U.S.C.
　§ 1983..................................................................................................................... 1-2

**STATE STATUTES**

Penal Law
　§ 55.10......................................................................................................................5

**<u>There Are No Grounds To Rewrite The Law Of Organizational Standing</u>**

The Plaintiffs acknowledge binding Second Circuit precedent "that organizations cannot bring § 1983 claims to assert the rights of their members," ECF No. 36 at 28, n.7; <u>see, e.g., Conn. Citizens Defense Lg., Inc. v. Lamont</u>, 6 F.4th 439, 447-48 (2d Cir. 2021), and their standing arguments are "foreclosed by binding Second Circuit precedent." ECF No. 36 at 28. While reserving their right to challenge binding Second Circuit precedent, they argue that the Court should re-contextualize their action as "a suit in equity under <u>Ex parte Young</u>" and allow the organizational plaintiffs to go forward despite decades of precedent. ECF No. 36 at 16-31. The argument fails for several reasons, in particular because Plaintiffs never pled any such action and the contention is legally meritless.

Even if Plaintiffs' organizational standing theory had merit, it would be procedurally improper because they never pled it in their complaint. The Complaint makes no mention of the "suit in equity under <u>Ex parte Young</u>" that Plaintiffs now claim to have brought. Indeed, it makes no mention of <u>Young</u> or a suit in equity at all, instead citing to its sole cause of action as brought under "42 U.S.C. § 1983." Compl. at 21-21.

The Plaintiffs' novel assertion of a freestanding constitutional right of action outside of Section 1983 has been decisively rejected by courts within the Second Circuit. Plaintiffs argue that their burden is the one laid out nearly fifty years ago in <u>Hunt v. Wash. State Apple Advert. Comm'n</u>, 432 U.S. 333 (1977), but the Second Circuit has made clear that the <u>Hunt</u> standard does not apply in Section 1983 cases. <u>N.Y. State Citizens' Coalition for Children v. Velez</u>, 629 F. App'x 92, 93-94 (2d Cir. 2015) (summary order) (citing <u>Nnebe v. Daus</u>, 644 F.3d 147, 156 (2d Cir. 2011)). This is as true in the gun-rights context as it is in any other: just last year, the court in <u>Connecticut Citizens Defense League, Inc. v. Thody</u> rejected a group's attempt to circumvent the

rules of organizational standing by bringing what it described as "a straight constitutional challenge" under the Second Amendment, writing that "[a]n action taken directly from the constitution[] is impermissible" because "Section 1983 is the exclusive federal remedy for violations of constitutional rights." 664 F. Supp. 3d 235, 246-47 (D. Conn. 2023), aff'd, 2024 WL 177707 (2d Cir. 2024) (summary order); see, e.g., Fenner v. City of New York, 392 Fed. App'x 892, 893 (2d Cir. 2010) (summary order) ("We have long held that when 42 U.S.C. § 1983 provides a remedy, an implied cause of action grounded on the Constitution is not available." (quotation omitted)); Ecogen, LLC v. Town of Italy, 438 F. Supp. 2d 149, 154 n.2 (W.D.N.Y. 2006) ("there is no place for a cause of action . . . directly under the 14th Amendment, because the plaintiff may proceed . . . under § 1983" (quotation omitted)); Connolly v. McCall, No. 98 Civ. 2889, 2000 WL 375239, at *3 (S.D.N.Y. Apr. 12, 2000) ("a plaintiff may not sue a state defendant directly under the Constitution where Section 1983 provides a remedy, even if that remedy is not available to the plaintiff").

Plaintiffs have provided no ground for the Court to reject this long line of cases and create a new, freestanding cause of action against state defendants for alleged constitutional violations particularly when the most recent Supreme Court case cited, Armstrong v. Exceptional Child Care Center, Inc., rejected the idea of a private right of action to enforce the Supremacy Clause, see 575 U.S. 320, 325 (2015), and reiterated that "the express provision of one method of enforcing a substantive rule," here, the enactment of a statutory right of action against states under Section 1983, "suggests that Congress intended to preclude others." Id. at 328. Plaintiff's citation to FDA v. All. for Hippocratic Med., 602 U.S. 376 (2024) is also inapposite. As opposed to elucidating a new principle in organizational standing, the arguments for standing in All for Hippocratic Med.,

were unanimously denied finding "an organization cannot spend its way into standing simply by expending money to gather information and advocate against the defendant's action." Id. at 370.

## Attorney General James is Not a Proper Party to this Lawsuit

The parties agree that in order for a defendant to be a proper party, "there must be a causal connection between the injury and the conduct complained of – the injury has to be fairly…trace[able] to the challenged action of the defendant." *Lujan*, 504 U.S. at 560-61 and "both a particular duty to enforce the statute in question and a demonstrated willingness to exercise that duty." See Kelly v. N.Y. State Civil Service Com'n, 2015 U.S. Dist. Lexis 27443, at *8 (S.D.N.Y. Jan. 26, 2015). Because Plaintiffs have not demonstrated that the Attorney General has a particular duty to enforce the statute in question and cannot demonstrate an injury fairly traceable to anything she has done, Attorney General Letitia James is not a proper party to this lawsuit.

All of Plaintiffs' arguments for the Attorney General as a proper party rest on information gathered outside of the four corners of the Complaint which are, in sum and substance, generalized political support for a legislative guns package passed in the wake of a racial massacre at the Tops Supermarket in Buffalo and a statement from the Department of State's[1] website referring legal questions surrounding the sale of body armor in New York to the Attorney General's Office. ECF Nos. 37-1 - 37-6 (Exhibits A-F). None of Plaintiffs' exhibits

---

[1] Plaintiff's Opposition intentionally conflates "the State" with "the Department of State." ECF No. 36 at 31 ("the State admits"); at 32 ("the state's own website") at Id. n. 9 ("the state's implication"). The Department of State is an agency of the State of New York, under the supervision of the Secretary of State, charged with "regulat[ing] licensed occupations and the development of building standards and codes" in New York State. https://dos.ny.gov/about-us. Plaintiffs' references to the Department of State as "the State" are misleading, nor are statements made by the Department of State attributable to the Attorney General, an independently-elected constitutional officer who does not oversee the Department of State.

3

demonstrates the "particular duty" required to demonstrate standing or pierce Eleventh Amendment immunity.

Plaintiffs' Exhibit A is a press release from Governor Hochul announcing legislation signed in the wake of the Buffalo Massacre and providing supportive quotes from fifty politicians, elected officials and public safety organizations. Attorney General James' statement, within Governor Hochul's press release, does not announce a duty to enforce any part of the body armor law. Her statement relays the legal prohibition in place stemming from the legislature passing S.9458/A.10503 as well as generalized support for the package of bills passed by the legislature. The other fifty politicians, elected officials and public safety organizations similarly provide their support, do not announce a duty to enforce and they would not be proper parties to this lawsuit either. See ECF No. 37-1 generally.

Plaintiffs' Exhibit B is a press release by Attorney General James in the wake of New York State Rifle & Pistol Ass'n, Inc. v. Buren, 597 U.S. 1 (2022), a case striking down New York's licensing/carriage law from 1911. The press release does not announce a duty to enforce the body armor restrictions in New York and, in fact, makes no mention of the body armor law. The press release is about NYSRPA v. Bruen. See ECF No. 37-2 generally. Exhibit C is a press release by Attorney General James explaining legal and legislative fallout in New York from *NYSRPA v. Bruen*. The only mention of body armor is, again, explanatory "the law expands the scope of bullet-resistant protective equipment prohibited in New York, for example, the steel-plated vest worn by the shooter in the Buffalo, New York" [Massacre]. The press release does not announce a duty to enforce body armor restrictions in New York. See ECF No. 37-3 generally.

Plaintiff's Exhibit D is a press release by Attorney General James following a legislative session that involved "preserving the right to abortion" and "enacting common-sense measures to protect our communities from gun violence." The press release makes no reference to body armor and does not announce a duty to enforce body armor restrictions in New York. See ECF No. 37-4 generally. Exhibit E is a press release by Governor Hochul which does not mention Attorney General James and does not announce a duty for her to enforce body armor restrictions. See ECF No. 37-5 generally.

Plaintiffs' Exhibit F is an FAQ from the Department of State website. A state agency referring legal questions related to body armor restriction to the Office of the Attorney General is not evidence that Attorney General James has a duty to enforce those restrictions. See n. 1. Moreover, Plaintiff's erroneous interpretation relates to a section of the law that is not challenged by this lawsuit. Here, Plaintiffs are alleging an injury stemming from the inability to purchase body armor. PL § 270.21. GBL §§ 396-eee, the provision referenced by the Department of State FAQ, is a separate legal provision which interdicts the selling or delivery of body armor by businesses and is a violation prosecuted by district attorneys, not the Office of the Attorney General.[2] Whatever the marketplace restriction exists within New York, the alleged injury identified by Plaintiffs stems from potential purchase under PL § 270.21 – not the sale under PL § 270.22 or GBL §§§ 396-eee. There are no allegations that any Plaintiff desires to sell body armor within New York State. However you peel the onion, that the statements of the Department of State are not attributable to the Attorney General, that no duty is conveyed to Attorney General James, that district attorneys are charged with the duty to prosecute offenses,

---

[2] GBL §§ 396-eee (4) explains that sale or delivery under this law amounts to a violation, legally defined as an "offense" under the penal law. See Penal Law § 55.10. CNT § 700 provides district attorneys the power and duty to "conduct all prosecution for crimes and offenses."

5

that the alleged marketplace restriction is not the cause of alleged injury in this lawsuit – all yields to the conclusion that there is no injury fairly traceable to the conduct of the Attorney General and, as such, she must be dismissed as an improper party.

## **CONCLUSION**

For the foregoing reasons, including those identified in ECF No. 29, the Court should grant the State's partial motion to dismiss and order that Attorney General Letitia James, as Defendant, and the Firearms Policy Coalition, Inc., as Plaintiff, be dismissed and such other and further relief as the court deems just and proper.

Dated: October 11, 2024
Buffalo, New York

LETITIA JAMES
New York State Attorney General
Attorney for Defendants James and James
BY: /s/ *Ryan L. Belka*
      Ryan L. Belka
Assistant Attorney General of Counsel
Main Place Tower, Suite 300A
350 Main Street
Buffalo, NY 14202
(716) 853-8440
Ryan.Belka@ag.ny.gov

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BENJAMIN HEETER and FIREARMS POLICY
COALITION, INC.,

                    Plaintiffs,

vs.

STEVEN G. JAMES, LETITIA JAMES and
MICHAEL J. KEANE all in their official
capacities,

                    Defendants.

Case No. 24-CV-00623-JLS

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 11, 2024, I electronically filed the foregoing along with a memorandum of law in support with the Clerk of the District Court using its CM/ECF system.

Dated:  Buffalo, New York
         October 11, 2024

                                LETITIA JAMES
                                New York State Attorney General
                                Attorney for Defendants James and James
                                BY: /s/ *Ryan L. Belka*
                                    Ryan L. Belka
                                Assistant Attorney General of Counsel
                                Main Place Tower, Suite 300A
                                350 Main Street
                                Buffalo, NY 14202
                                (716) 853-8440
                                Ryan.Belka@ag.ny.gov