# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

BENJAMIN HEETER, et al.,

  Plaintiffs,

v.

LETITIA JAMES, et al.,

  Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF ARMORED REPUBLIC HOLDINGS LLC'S MOTION FOR LEAVE TO FILE AMICUS BRIEF IN SUPPORT OF PLAINTIFFS' SUMMARY JUDGMENT MOTION**

Civil Action No.:

No. 1:24-cv-00623-JLS-HKS

Joseph Brown
In-House Counsel
Armored Republic Holdings LLC
11226 N. 23rd Avenue, Suite 102B
Phoenix, Ariz. 85029
Telephone (719) 367-3338
jbrown@armoredrepublic.com

*Lead Counsel for Amicus*

*(Pro Hac Vice Application Pending)*

Dated: April 7, 2026

Randy Elf, N.Y. No. 2863553
Post Office Box 525
Lakewood, N. Y. 14750
Telephone (202) 423-2122
ForEFilingOnly@gmail.com

*Local Counsel for Amicus*

# TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................................i

TABLE OF AUTHORITIES ..........................................................................................i

INTERESTS OF AMICUS CURIAE.............................................................................1

ARGUMENT ................................................................................................................2

CONCLUSION.............................................................................................................5

CERTIFICATE OF SERVICE......................................................................................6

# TABLE OF AUTHORITIES

**Cases**

*Andersen v. Leavitt*, No. 2:03-cv-6115, 2007 WL 2343672 (E.D.N.Y. Aug. 13, 2007)  5, 7

*Citizens Against Casino Gambling in Erie Cty. v. Kempthorne*, 471 F. Supp. 2d 295 (W.D.N.Y. 2007)..................................................................................................5

*Hart v. Town of Guilderland*, No. 1:20-cv-00475, 2020 WL 8411581 (N.D.N.Y. July 28, 2020) ..................................................................................................7

*Leslie v. Starbucks Corp.*, No. 1:22-cv-00478-JLS, 2022 WL 5434278 (W.D.N.Y. Oct. 7, 2022) .........................................................................................................5

*Onondaga Indian Nation v. New York*, No. 5:97-cv-00445, 1997 WL 369389 (N.D.N.Y. June 25, 1997) ........................................................................................4

*United States v. Miller*, 307 U.S. 174 (1939) .............................................................7

Armored Republic Holdings LLC ("Armored Republic") respectfully submits this memorandum of law in support of its motion for leave to file an amicus curiae brief in support of Plaintiffs' summary-judgment motion. Armored Republic's proposed brief is attached.

Plaintiffs consent to this motion. Although one of the counsel for Defendants preliminarily conferred by telephone with Armored Republic's counsel regarding this motion, none of Defendants other than the Erie County District Attorney Michael Keane have provided a final response to Armored Republic's inquiry as to their position on this motion. District Attorney Keane does not plan to object.

## INTERESTS OF AMICUS CURIAE

Armored Republic exists to "provide free men with tools of liberty to defend their God-given rights."[1] Since 2012, Armored Republic has sold to American civilians over 2.5 million products that constitute "body armor" within the meaning of the New York regulations that Plaintiffs challenge. *See* Dec. of Logan Reece. As an expression of its commitment to constitutional ordered liberty under a republican form of government, Armored Republic's company motto is "No King But Christ." To promote the republican civic virtue of citizen soldiers being prepared and equipped to resist tyrants and criminals, Armored Republic has become the top provider of body-armor products to American civilians. Armored Republic's interests in this matter are: (1) promoting the ability of all American citizens in all states, not just select professionals, to acquire body armor to be prepared to defend their God-

---

[1] *See* Armored Republic, *About Us*, https://www.ar500armor.com/about-armored-republic-2/.

given liberties; (2) ensuring it can make sales to customers in all 50 states; and (3) promoting an historically-informed understanding of the original meaning of the Second Amendment that includes the full scope of liberties that the amendment protects, including the right to acquire defensive armor. *See id.*

## ARGUMENT

"A district court has broad discretion to grant or deny an appearance as amicus curiae[.]" *Citizens Against Casino Gambling in Erie Cty. v. Kempthorne*, 471 F. Supp. 2d 295, 311 (W.D.N.Y. 2007), *amended on reconsideration in part*, No. 1:06-cv-00001, 2007 WL 1200473 (Apr. 20, 2007). "The usual rationale for amicus curiae submissions is that they are of aid to the court and offer insights not available from the parties." *Id.* (quoting *Onondaga Indian Nation v. New York*, No. 5:97-cv-00445, 1997 WL 369389, at *2 (N.D.N.Y. June 25, 1997)); *see also Leslie v. Starbucks Corp.*, No. 1:22-cv-00478-JLS, 2022 WL 5434278, at *3-4 (W.D.N.Y. Oct. 7, 2022) (denying intervention but granting leave to file amicus brief where movant "can provide perspective on the legal issues that may assist the Court in resolving the petition, different from what the parties are able to provide"); *Andersen v. Leavitt*, No. 2:03-cv-6115, 2007 WL 2343672, at *2 (E.D.N.Y. Aug. 13, 2007) ("A court may grant leave to appear as an amicus if the information offered is 'timely and useful,'" and a "court is more likely to grant leave to appear as an amicus curiae in cases involving matters of public interest").

2

Armored Republic respectfully submits that the proposed amicus brief would offer helpful insight to the Court in two respects that are not addressed in Plaintiffs' summary-judgment brief.

First, the proposed brief advances a distinct constitutional argument grounded in the political dimension of the Second Amendment—specifically, the right of citizens to be prepared for militia service—that Plaintiffs' brief does not raise. Plaintiffs' summary-judgment brief argues that body armor is "in common use for lawful purposes" under the *Heller*/*Bruen* framework and that the Body Armor Ban cannot survive historical scrutiny. *See* Pls.' Summ. J. Br. at 8-24, ECF No. 69-1. That argument is correct and important. But it addresses the Second Amendment's *civil* dimension—the individual right to self-defense and personal protection. The proposed amicus brief separately argues that the Second Amendment also protects a *political* right: the right of citizens to be equipped and prepared for militia service. Under this argument, the Body Armor Ban is independently unconstitutional because it specifically disqualifies members of the unorganized militia—a class that New York law *compels* to respond to invasion, insurrection, and civil unrest, and *punishes* for failing to appear, *see* N.Y. Mil. Law 2(2), 7, 8—from acquiring the very body armor that modern militia service requires. This structural constitutional argument is analytically separate from the "common use" inquiry and complements Plaintiffs' brief without duplicating it.

Second, the proposed brief offers the Court a ground-level, industry perspective on the standard equipment of modern militia and military service that

3

is uniquely available to Armored Republic as the nation's leading civilian body-armor manufacturer. Plaintiffs' brief marshals statistical and market-based points regarding civilian common use. *See* Pls.' Summ. J. Br. at 15-18. The proposed amicus brief adds a distinct point: it documents that body armor is not merely common among civilians, but is *mandatory standard-issue equipment* for every soldier in the U.S. Army, every Marine, and every National Guard member—the direct modern successors to the founding-era militia. *See United States v. Miller*, 307 U.S. 174, 178-79 (1939) (asking whether an arm is "part of the ordinary military equipment" that militiamen "were expected to appear bearing" when "called for service"). This point directly addresses *Miller*'s militia-service test, which *Heller* preserved, and which Plaintiffs' brief does not develop. Armored Republic's industry position—having sold over 2.5 million body-armor products to American civilians since 2012—gives it a concrete and informed perspective on both the civilian market and the role body armor plays in equipping citizens for the service the Second Amendment contemplates.

This motion is timely. Armored Republic is filing this motion shortly after Plaintiffs' summary-judgment brief and before the deadline for Plaintiffs' reply papers. Granting this motion would not cause any delay to the litigation. *See, e.g.*, *Andersen*, 2007 WL 2343672, at *5-6 (granting motion for leave to file amicus brief submitted five months after summary judgment was fully briefed); *Hart v. Town of Guilderland*, No. 1:20-cv-00475, 2020 WL 8411581, at *1 (N.D.N.Y. July 28, 2020) ("[T]he proposed *amicus* brief is timely because the filing has already been provided

4

to the Court and consideration of the filing would not result in delays to the litigation.").

## CONCLUSION

Armored Republic respectfully requests that this Court grant it leave to file the amicus brief.

Respectfully submitted,

/s/ Joseph Brown
Joseph Brown
In-House Counsel
Armored Republic Holdings LLC
11226 N. 23rd Avenue, Suite 102B
Phoenix, Ariz. 85029
Telephone (719) 367-3338
jbrown@armoredrepublic.com

*Lead Counsel for Amicus*

*(Pro Hac Vice Application Pending)*

Dated: April 7, 2026

/s/ Randy Elf
Randy Elf, N.Y. No. 2863553
Post Office Box 525
Lakewood, N. Y. 14750
Telephone (202) 423-2122
ForEFilingOnly@gmail.com

*Local Counsel for Amicus*

5

## CERTIFICATE OF SERVICE

I certify that today I filed the **MEMORANDUM OF LAW IN SUPPORT OF ARMORED REPUBLIC HOLDINGS LLC'S MOTION FOR LEAVE TO FILE AMICUS BRIEF IN SUPPORT OF PLAINTIFFS' SUMMARY JUDGMENT MOTION** with the Court's electronic-filing system, *see* W.D.N.Y. Loc. R. Civ. P. 5.1(a), which will serve:

Nicolas Rotsko                NRotsko@fluet.law

Ryan Lane Belka               Ryan.Belka@ag.ny.gov
James Thompson                James.Thompson@ag.ny.gov

Christopher Sasiadek          Christopher.Sasiadek@erie.gov
James Youngs                  JYoungs@HancockLaw.com
Erica L. Masler               Erica.Masler@gmail.com
Adam Clark                    AdamClark@MonroeCounty.gov
Robert John Shoemaker         BoShoemaker@MonroeCounty.gov

/s/ *Randy Elf*_____
Randy Elf

April 7, 2026

6