UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BENJAMIN HEETER,
JOSEPH WURETNBERG,
and the FIREARMS POLICY COALITION, INC.

                   Plaintiffs,

vs.

LETITIA JAMES,
STEVEN G. JAMES,
MICHAEL J. KEANE, and
SANDRA DOORLEY

                 Defendants.

**Civil Action No.: 1:24-cv-00623-JLS**

---

**DEFENDANT MICHAEL J. KEANE'S MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND IN SUPPORT OF HIS CROSS-MOTION FOR SUMMARY JUDGMENT**

JEREMY C. TOTH
Erie County Attorney
95 Franklin Street, Room 1634
Buffalo, New York 14202

Christopher J. Sasiadek, Esq.
Assistant County Attorney
<u>Of Counsel</u>

Defendant Michael J. Keane, sued in his official capacity as District Attorney for the County of Erie, respectfully submits this memorandum of law, together with his Response to Plaintiffs' Statement of Material Facts, and the Declaration of Christopher J. Sasiadek, Esq. dated April 27, 2026 ("Sasiadek Decl."), in opposition to Plaintiffs' Motion for Summary Judgment ("Mot.") [ECF No. 69] and in support of Defendant Michael J. Keane's Cross-Motion for Summary Judgment.

## PRELIMINARY STATEMENT

Defendant Michael J. Keane adopts and incorporates by reference the papers in opposition to the plaintiffs' motion for summary judgment and cross-moving for summary judgment and the arguments contained therein submitted by counsel Ryan L. Belka, Esq., on behalf of Defendants Letitia James and Steven G. James. The arguments contained in the referenced papers are sufficient grounds to deny summary judgment for the plaintiffs and to grant summary judgment for Defendant Michael J. Keane.

For obvious reasons, counsel for co-defendant counsel did not present arguments as to why Defendant Keane is not a proper party to this action. Arguments on this issue follow below.

## ARGUMENT

### I. DISTRICT ATTORNEY KEANE IS NOT A PROPER PARTY.

Plaintiffs' claims against District Attorney Keane must be dismissed for lack of Article III standing and Eleventh Amendment immunity, as he is not a proper party to this lawsuit. To establish standing, a plaintiff must demonstrate that their injury is "fairly traceable" to the defendant's conduct and likely to be redressed by the requested relief. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). Here, Plaintiffs' alleged injuries stem solely from the legislature's

enactment of a body armor regulation, not from any action taken by D.A. Keane. Plaintiffs fail to allege any action taken by or statement made by D.A. Keane which injured them. The only reference to D.A. Keane in plaintiffs' papers is an allegation in the memorandum of law stating that D.A. Keane has not "walked back from vigorous enforcement, nor disavowed enforcement against the Plaintiffs nor Plaintiff FPC's similarly situated members." Dkt No. 69-1 at p. 12. This is a blatant attempt at burden shifting, whereby a failure to make a statement that an individual would not cause an injury is, in effect, an injury itself. If the Court were to accept this argument, the public policy ramifications would be terrifying as any public official would be subject to a lawsuit any time he or she did not affirmatively, publicly, and preemptively disavow the possibility of causing an injury.

Furthermore, Eleventh Amendment immunity precludes this official-capacity suit because the narrow exception under *Ex parte* Young, 209 U.S. 123 (1908), is inapplicable. To pierce sovereign immunity, Plaintiffs must allege the District Attorney has "both a particular duty to enforce the statute in question and a demonstrated willingness to exercise that duty," rather than a mere general obligation to enforce state laws. *Kelly v. New York State Civ. Serv. Comm'n*, 2015 WL 861744, at *3 (S.D.N.Y. Jan. 26, 2015); see also *See HealthNow N.Y., Inc. v. New York,* 739 F.Supp.2d 286, 294 (W.D.N.Y.2010). Championing the passing of a law or cheerleading law enforcement of that law does not meet the duty and willingness needed to subject one to suit under the law. *See Gazzola v. Hochul*, No. 22 Civ. 1134, 2025 WL 2771835, at *10 (N.D.N.Y. Sept. 26, 2025) ("general allegations regarding [defendant's] support for the firearms laws and participation in their enactment" insufficient to pierce Eleventh Amendment immunity). Here, the Plaintiffs have not even alleged this much, as their papers lack any

statement by D.A. Keane concerning support for or opposition to the challenged statute. Because Plaintiffs allege no such specific enforcement duty or willingness on the part of District Attorney Keane, the alleged injury is not traceable to him, and he cannot provide the requested relief. Therefore, he must be dismissed from this action.

## CONCLUSION

For the reasons set forth above, the District Attorney Michael J. Keane respectfully requests that the Court deny Plaintiffs' motion for summary judgment and grant his cross-motion for summary judgment.

DATED:  Buffalo, New York
April 27, 2026

Yours truly,

JEREMY C. TOTH
Erie County Attorney
Attorney for Defendants,

By: _____
Christopher J. Sasiadek
Assistant County Attorney, of Counsel
95 Franklin Street, Room 1634
Buffalo, New York 14202
(716) 858-2200