**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BENJAMIN HEETER, *et al.* | **RESPONDING MEMORANDUM** |
| *Plaintiffs,* | |
| v. | Case No. 24-cv-00623 |
| LETITIA JAMES, et al., | |
| *Defendants.* | |

This memorandum is submitted on behalf of Defendant Monroe County District Attorney Sandra Doorley ("Monroe County DA") in response to and opposition to Plaintiffs' motion for summary judgment. Summary judgment should be denied as against the Monroe County DA, especially with regard to any damages, sanctions, or attorneys' fees award, because Plaintiffs have failed to establish any undisputed material fact showing that the Monroe County DA has violated, or imminently threatens to violate, the Plaintiffs constitutional rights.

Plaintiffs' Statement of Undisputed Material Facts (ECF 69-2) contains twenty-four numbered paragraphs. Not one of those paragraphs identifies a single act of enforcement, threat of prosecution, arrest, investigation, statement in support of the challenged law, or any other concrete conduct attributable to the Monroe County DA. The Statement identifies enforcement actions by the New York State Police. It catalogues public statements by Attorney General James. But Monroe County DA Doorley is not mentioned even once in the Statement of Undisputed Material Facts.

The sole reference to Monroe County in all of Plaintiffs' motion papers appears in a single sentence of Plaintiff's memorandum: that neither the State Police, Erie County DA Keane, nor Monroe County DA Doorley has "disavowed enforcement" of the challenged law. *See* Plaintiffs'

memorandum, ECF 69-1 at 7. This is legally insufficient to support Plaintiffs' motion for summary judgment against the Monroe County DA.

## ARGUMENT

### 1. Plaintiffs' Rule 56 statement of undisputed facts contains no facts specific to the Monroe County DA.

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). That burden must be satisfied with respect to each claim against each defendant for whom judgment is sought. The Court must resolve all ambiguities and draw all permissible factual inferences in favor of the non-moving party. *Terry v. Ashcroft,* 336 F.3d 128, 137 (2d Cir. 2003).

Here, Plaintiffs' Statement of Undisputed Material Facts (ECF 69-2) does not reference the Monroe County DA in any paragraph at all. There is no allegation that she has arrested anyone, prosecuted anyone, threatened anyone, or taken any step to enforce the challenged law against these Plaintiffs or any other person. The Monroe County DA's answer represented that the Body Armor Ban has never been enforced in Monroe County. *See* ECF 35.

Without any facts establishing that the Monroe County DA has acted, or concretely threatens to act, against these Plaintiffs, Plaintiffs' motion for summary judgment against her must be denied. *See* Fed. R. Civ. P. 56(c)(1)(A) (a party asserting that a fact cannot be genuinely disputed must support the assertion by "citing to particular parts of materials in the record").

**2. <u>The Absence of a Disavowal Does Not Satisfy Plaintiffs' Burden on Summary Judgment</u>**

The distinction between the motion to dismiss standard and the standard for an affirmative grant of summary judgment is critical here. At the pleading stage, the Court accepted Plaintiffs' allegation that the Erie County DA posed a credible threat of enforcement because he had not disavowed the law. *Heeter v. James,* No. 1:24-cv-00623-JLS-HKS, at 10 (W.D.N.Y. Nov. 8, 2024). That pleading-stage inference is no substitute for the affirmative evidence of enforcement that Rule 56 requires.

On summary judgment, Plaintiffs must come forward with admissible evidence—not mere allegations or inferences—establishing that the Monroe County DA has violated or threatens to violate their constitutional rights. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248–49 (1986) ("[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of *material* fact."). Plaintiffs have presented no such evidence.

Discovery is now complete. This case has moved beyond the pleadings. If the record—after full fact discovery—contains no evidence of any enforcement action by the Monroe County DA, then Plaintiffs cannot satisfy their burden on summary judgment simply by noting that she has not issued a press release disavowing the law. The failure of a district attorney to speak at all about a state statute cannot, standing alone, constitute grounds to grant summary judgment against her.

## CONCLUSION

This Court should deny Plaintiffs' motion for summary judgment as to the Monroe County Defendants, especially with regard to any damages, sanctions, or attorneys' fees award. Plaintiffs' Statement of Undisputed Material Facts contains no facts establishing any act of enforcement, threat of prosecution, or constitutional violation attributable to the Monroe County DA. The motion cannot be sustained on the basis that the Monroe County DA—who has never prosecuted anyone under the Body Armor Ban — failed to issue a public renunciation of the New York Legislature's enactment. Summary judgment as to the Monroe County DA should be denied.

**Matthew Schwartz, Monroe County Attorney**
*Attorney for County Defendant*

**April 27, 2026**

**Adam M. Clark, Esq. of Counsel**
Deputy County Attorney
307 County Office Building
39 West Main Street, Rochester, New York 14614
Telephone:  585.753.1374
adamclark@monroecounty.gov

To:    Counsel of record, *by ECF*

4