UNITED STATES DISTRICT COURT
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BENJAMIN HEETER, *et al.* | |
| *Plaintiffs,* | |
| v. | |
| LETITIA JAMES, et al., | |
| *Defendants.* | |

**RESPONDING MEMORANDUM**

Case No. 24-cv-00623

**DEFENDANT MONROE COUNTY DISTRICT ATTORNEY'S
RESPONSE TO PLAINTIFFS' STATEMENT OF
UNDISPUTED MATERIAL FACTS AND
STATEMENT OF ADDITIONAL MATERIAL FACTS**

Pursuant to Local Rule of Civil Procedure 56(a)(2), Defendant Monroe County District Attorney Sandra Doorley ("Monroe County DA") hereby responds to Plaintiffs' Statement of Undisputed Material Facts (Dkt. 69-2) and sets forth additional material facts that preclude summary judgment as to the Monroe County Defendants.

As a threshold matter, the Monroe County DA notes that Plaintiffs' Statement of Undisputed Material Facts contains no allegation whatsoever directed at the Monroe County DA. None of the twenty-four numbered paragraphs identifies any act of enforcement, threat of prosecution, arrest, investigation, statement in support, or other conduct by the Monroe County DA. The Monroe County DA responds to each paragraph below and identifies the additional facts that Plaintiffs have omitted.

**RESPONSES TO PLAINTIFFS' STATEMENT OF UNDISPUTED MATERIAL FACTS**

**A. Paragraphs 1–10: Legislative History and Statements by Attorney General James**

Paragraphs 1 through 10 concern the enactment of the Body Armor Ban and public statements made by New York State Attorney General Letitia James and Governor Kathy Hochul. None of these paragraphs concern the Monroe County DA. The Monroe County DA responds as follows:

1. **NOT DIRECTED AT MONROE COUNTY DA.** This paragraph concerns the legislative history of the Body Armor Ban and is not directed at the Monroe County DA. To the extent a response is required, the Monroe County DA does not dispute that the cited legislation was enacted.

2. **NOT DIRECTED AT MONROE COUNTY DA.** This paragraph concerns Governor Hochul's signing ceremony with AG James and is not directed at the Monroe County DA. To the extent a response is required, the Monroe County DA does not dispute that the referenced press release exists.

3. **NOT DIRECTED AT MONROE COUNTY DA.** This paragraph concerns the content of the legislative package and is not directed at the Monroe County DA. To the extent a response is required, the Monroe County DA does not dispute that the legislation banned body armor sales outside of eligible professions.

4. **NOT DIRECTED AT MONROE COUNTY DA.** This paragraph concerns a public statement by AG James and is not directed at the Monroe County DA. To the extent a response is required, the Monroe County DA does not dispute that AG James made the quoted statement.

**5. NOT DIRECTED AT MONROE COUNTY DA.** This paragraph concerns the Supreme Court's decision in *Bruen* and is not directed at the Monroe County DA. To the extent a response is required, not disputed.

**6. NOT DIRECTED AT MONROE COUNTY DA.** This paragraph concerns a public statement by AG James following *Bruen* and is not directed at the Monroe County DA. To the extent a response is required, the Monroe County DA does not dispute that AG James made the quoted statement.

**7. NOT DIRECTED AT MONROE COUNTY DA.** This paragraph concerns the passage of the Concealed Carry Improvement Act and is not directed at the Monroe County DA. To the extent a response is required, not disputed.

**8. NOT DIRECTED AT MONROE COUNTY DA.** This paragraph concerns the CCIA's amendment to the Body Armor Ban's definition of "body armor" and is not directed at the Monroe County DA. To the extent a response is required, not disputed.

**9. NOT DIRECTED AT MONROE COUNTY DA.** This paragraph concerns a statement by AG James regarding the scope of the amended Ban and is not directed at the Monroe County DA. To the extent a response is required, the Monroe County DA does not dispute that AG James made the quoted statement.

**10. NOT DIRECTED AT MONROE COUNTY DA.** This paragraph concerns AG James's reaction to the amended Body Armor Ban and is not directed at the Monroe County DA. To the extent a response is required, not disputed.

**B. Paragraphs 11–15: Enforcement by the State Police and AG James**

Paragraphs 11 through 15 concern enforcement of the Body Armor Ban by the New York State Police and statements and actions by AG James. None of these paragraphs concern the Monroe County DA. The Monroe County DA responds as follows:

11. **NOT DIRECTED AT MONROE COUNTY DA.** This paragraph concerns public statements by AG James and Governor Hochul regarding the Body Armor Ban and is not directed at the Monroe County DA. To the extent a response is required, not disputed that the cited press releases exist.

12. **NOT DIRECTED AT MONROE COUNTY DA.** This paragraph concerns a New York State website linking AG James to enforcement of the marketplace prohibition in GBL § 396-eee and is not directed at the Monroe County DA. To the extent a response is required, not disputed.

13. **NOT DIRECTED AT MONROE COUNTY DA.** This paragraph concerns statements by the New York State Police regarding enforcement of the CCIA, including the Body Armor Ban, and is not directed at the Monroe County DA. To the extent a response is required, the statements are not disputed.

14. **NOT DIRECTED AT MONROE COUNTY DA.** This paragraph concerns arrests made by the New York State Police under the Body Armor Ban and is not directed at the Monroe County DA. The arrests identified in Plaintiffs' Exhibits G, H, and I were all carried out by the New York State Police, not by the Monroe County DA's office. The Monroe County DA is not responsible for State Police enforcement activities. **The Monroe County DA has made no arrests or prosecutions under the Body Armor Ban in Monroe County.** To the extent a response is required, the arrests are not disputed.

**15. NOT DIRECTED AT MONROE COUNTY DA.** This paragraph concerns New York State pattern jury instructions for Penal Law §§ 270.21 and 270.22 and is not directed at the Monroe County DA. To the extent a response is required, not disputed that the cited pattern jury instructions exist.

**C. Paragraphs 16–18: Plaintiffs' Alleged Injuries**

**16. DISPUTED IN PART.** The Monroe County DA disputes any implication that she has injured FPC members, as she has taken no action to enforce the Body Armor Ban against any FPC member, Plaintiff, or other individual in Monroe County.

**17. DISPUTED IN PART.** The Monroe County DA notes that Plaintiff Heeter is an Erie County resident and that no allegation in this paragraph is directed at the Monroe County DA. The Monroe County denies causing any injury to Plaintiff Heester.

**18. DISPUTED IN PART.** The Monroe County DA does not dispute that Plaintiff Wurtenberg is a resident of Monroe County, that he works as a 911 dispatcher, and that his stated profession is not listed among the eligible professions under the Body Armor Ban. **The Monroe County DA disputes any implication that Plaintiff Wurtenberg faces a threat of enforcement from her office.** Plaintiff Wurtenberg does not allege that the Monroe County DA has arrested him, threatened to arrest him, investigated him, contacted him, or taken any action against him in connection with the Body Armor Ban. The Monroe County DA has not enforced the Body Armor Ban against Plaintiff Wurtenberg or any other person in Monroe County.

**D. Paragraphs 19–24: Body Armor Market Data and Requested Relief**

**19. NOT DIRECTED AT MONROE COUNTY DA.** This paragraph concerns the national body armor market and is not directed at the Monroe County DA. To the extent a response is required, the Monroe County DA lacks information sufficient to admit or deny the market data assertions and therefore neither admits nor disputes them for purposes of this motion.

**20. NOT DIRECTED AT MONROE COUNTY DA.** This paragraph concerns Precedence Research market analysis data and is not directed at the Monroe County DA. To the extent a response is required, the Monroe County DA lacks information sufficient to admit or deny the market data assertions.

**21. NOT DIRECTED AT MONROE COUNTY DA.** This paragraph concerns Grand View Research market analysis data and is not directed at the Monroe County DA. To the extent a response is required, the Monroe County DA lacks information sufficient to admit or deny the market data assertions.

**22. NOT DIRECTED AT MONROE COUNTY DA.** This paragraph concerns Fortune Business Insights market analysis data and is not directed at the Monroe County DA. To the extent a response is required, the Monroe County DA lacks information sufficient to admit or deny the market data assertions.

**23. NOT DIRECTED AT MONROE COUNTY DA.** This paragraph concerns Cognitive Market Research market analysis data and is not directed at the Monroe County DA. To the extent a response is required, the Monroe County DA lacks information sufficient to admit or deny the market data assertions.

**24. NOT DIRECTED AT MONROE COUNTY DA.** Paragraph 24 is a legal conclusion and request for relief, not a statement of fact, and requires no response. The Monroe County DA denies that summary judgment against her is warranted.

### STATEMENT OF ADDITIONAL MATERIAL FACTS

Pursuant to Local Rule of Civil Procedure 56(a)(2), the Monroe County DA sets forth the following additional material facts that preclude summary judgment as to the Monroe County Defendants:

25. The Monroe County DA is an elected official whose statutory duty is to conduct all prosecutions for crimes and offenses cognizable by the courts of Monroe County. N.Y. County Law § 700. The Monroe County DA is a separate governmental entity from the New York State Attorney General, the New York State Police, and the Erie County District Attorney. The Monroe County DA has independent prosecutorial discretion over matters within Monroe County.

26. Since the Body Armor Ban took effect on July 6, 2022, the Monroe County DA's office has made **no arrests, initiated no prosecutions, conducted no investigations, and issued no warnings** to any person in connection with Penal Law §§ 270.20, 270.21, or 270.22, or General Business Law § 396-eee. The Monroe County DA's answer in this action, ECF 35, truthfully represented that the Body Armor Ban has never been enforced in Monroe County.

27. All three State Police enforcement actions identified in Plaintiffs' Statement of Undisputed Material Facts—referenced as Exhibits G, H, and I—were actions by the New York State

Police. None occurred in Monroe County. None involved the Monroe County DA's office. The Monroe County DA had no role in any of those arrests or prosecutions.

28. Plaintiff Wurtenberg is a Monroe County resident and 911 dispatcher who states he wishes to purchase body armor. Notwithstanding his residence and employment in Monroe County and the period of approximately four years since the Body Armor Ban took effect, Plaintiff Wurtenberg has never been arrested, prosecuted, investigated, contacted, or threatened by the Monroe County DA's office in connection with the Body Armor Ban. Plaintiff Wurtenberg's declaration (ECF 69-2, Ex. N) contains no allegation of any contact with or threat from the Monroe County DA.

29. The Monroe County DA is not a party to the Body Armor Ban's enforcement framework in the same manner as the New York State Attorney General. Under New York law, the Attorney General—not county district attorneys—is specifically designated as having enforcement authority over the civil marketplace prohibition set forth in General Business Law § 396-eee. *See* GBL § 396-eee(3) (providing for civil enforcement); N.Y. Exec. Law § 63(12) (authorizing Attorney General to bring civil enforcement actions). County District Attorneys prosecute criminal violations under the Penal Law within their respective counties and do so in the exercise of independent prosecutorial discretion.

30. Plaintiffs' Statement of Undisputed Material Facts does not identify the Monroe County DA by name in any of its twenty-four numbered paragraphs. The only reference to Monroe County DA Doorley in Plaintiffs' motion papers appears in a single sentence of the accompanying memorandum of law, which states that neither the State Police, Erie County DA Keane, nor Monroe County DA Doorley has "disavowed enforcement" of the Body

Armor Ban. Pls.' Mem. at 7. No other facts are offered to support summary judgment against the Monroe County DA.

**Matthew Schwartz, Monroe County Attorney**
*Attorney for County Defendant*

**April 27, 2026**

**Adam M. Clark, Esq. of Counsel**
Deputy County Attorney
307 County Office Building
39 West Main Street, Rochester, New York 14614
Telephone:  585.753.1374
adamclark@monroecounty.gov

To:    Counsel of record, *by ECF*