UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————

BENJAMIN HEETER, et al.,

Plaintiffs,

v.

LETITIA JAMES, et al.,

Defendants.

Civil Action No.:

1:24-cv-00623-JLS

———————————————————————

**PLAINTIFFS' RESPONSE TO DEFENDANT SANDRA DOORLEY'S
STATEMENT OF ADDITIONAL MATERIAL FACTS**

Pursuant to Local Rule of Civil Procedure 56(a)(2) for the United States District Court for the Western District of New York, Plaintiffs hereby respond to the statement of additional material facts filed by Defendant Monroe County District Attorney Sandra Doorley ("Monroe County DA") and further deny that she is entitled to summary judgment.

25.    The Monroe County DA is an elected official whose statutory duty is to conduct all prosecutions for crimes and offenses cognizable by the courts of Monroe County. N.Y. County Law § 700. The Monroe County DA is a separate governmental entity from the New York State Attorney General, the New York State Police, and the Erie County District Attorney. The Monroe County DA has independent prosecutorial discretion over matters within Monroe County.

**Response to Paragraph 25**: Undisputed for purposes of this motion.

26.    Since the Body Armor Ban took effect on July 6, 2022, the Monroe County DA's office has made **no arrests, initiated no prosecutions, conducted no investigations, and issued no warnings** to any person in connection with Penal Law §§ 270.20, 270.21, or

270.22, or General Business Law § 396-eee. The Monroe County DA's answer in this action, ECF 35, truthfully represented that the Body Armor Ban has never been enforced in Monroe County.

**Response to Paragraph 26**: Undisputed for purposes of this motion, although this statement is immaterial. That the Monroe County DA's office has not pursued prosecution in connection with Penal Law §§ 270.20, 270.21, or 270.22, or General Business Law § 396-eee does not mean that it lacks the authority to do so. *See* N.Y. County Law § 700(1) ("[I]t shall be the duty of every district attorney to conduct all prosecutions for crimes and offenses cognizable by the courts of the county for which he or she shall have been elected or appointed; . . . it shall be the duty of the district attorney of the county where the indictment is found to conduct the trial of the indictment so removed, and it shall be the duty of the district attorney of the county to which such trial is changed ot assist in such trial upon the request of the district attorney of the county where the indictment was found."). Nor does it suggest that the Monroe County DA's office has had an opportunity to prosecute or exercised its discretion in declining to prosecute under those provisions.

It is not Plaintiffs' burden to show an "intent by the government to enforce the law," which is "presumed in the absence of a disavowal by the government" and by the fact that "the relevant statute is recent and not moribund." *Antonyuk v. James*, 120 F.4th 941, 1005 (2d Cir. 2024) (quotation marks omitted). The Monroe County DA has made no such disavowal.

27.     All three State Police enforcement actions identified in Plaintiffs' Statement of Undisputed Material Facts—referenced as Exhibits G, H, and I—were actions by the New York State Police. None occurred in Monroe County. None involved the Monroe County DA's office. The Monroe County DA had no role in any of those arrests or prosecutions.

**Response to Paragraph 27**: The State Police enforcement actions identified in Plaintiffs' Statement of Undisputed Material Facts and attached thereto as Exhibits G, H, and I speak for themselves. Plaintiffs do not dispute that those actions were by the New York State Police, though that distinction is immaterial for purposes of this motion.

That the Monroe County DA's office has not pursued prosecution in connection with the Body Armor Ban does not mean that it lacks the authority to do so. *See* N.Y. County Law § 700(1). Nor does it suggest that the Monroe County DA's office has had an opportunity to prosecute or exercised its discretion in declining to prosecute under those provisions.

It is not Plaintiffs' burden to show an "intent by the government to enforce the law," which is "presumed in the absence of a disavowal by the government" and by the fact that "the relevant statute is recent and not moribund." *Antonyuk*, 120 F.4th at 1005 (quotation marks omitted). The Monroe County DA has made no such disavowal.

28.    Plaintiff Wurtenberg is a Monroe County resident and 911 dispatcher who states he wishes to purchase body armor. Notwithstanding his residence and employment in Monroe County and the period of approximately four years since the Body Armor Ban took effect, Plaintiff Wurtenberg has never been arrested, prosecuted, investigated, contacted, or threatened by the Monroe County DA's office in connection with the Body Armor Ban. Plaintiff Wurtenberg's declaration (ECF 69-2, Ex. N) contains no allegation of any contact with or threat from the Monroe County DA.

**Response to Paragraph 28**: Undisputed for purposes of this motion, although this statement is immaterial.

That the Monroe County DA's office has not prosecuted Mr. Wurtenberg in connection with Penal Law §§ 270.20, 270.21, or 270.22 does not mean that it lacks the

authority to do so. *See* N.Y. County Law § 700(1). Nor is there any basis to suggest, as the Monroe County DA implies, that Mr. Wurtenberg has committed any act that would give rise to an offense under those provisions.

This is a pre-enforcement challenge. Mr. Wurtenberg is under no obligation to violate the Body Armor Ban before challenging its constitutionality. Nor is it Plaintiffs' burden to show an "intent by the government to enforce the law," which is "presumed in the absence of a disavowal by the government" and by the fact that "the relevant statute is recent and not moribund." *Antonyuk*, 120 F.4th at 1005 (quotation marks omitted). The Monroe County DA has made no such disavowal here. Accordingly, an injunction would "[e]liminate [a] significant threat of criminal prosecution" and so "would provide . . . a sufficiently meaningful benefit to satisfy Article III's redressability prong." *Knight v. City of New York*, 164 F.4th 173, 179 (2d Cir. 2026).

29.     The Monroe County DA is not a party to the Body Armor Ban's enforcement framework in the same manner as the New York State Attorney General. Under New York law, the Attorney General—not county district attorneys—is specifically designated as having enforcement authority over the civil marketplace prohibition set forth in General Business Law § 396-eee. *See* GBL § 396-eee(3) (providing for civil enforcement); N.Y. Exec. Law § 63(12) (authorizing Attorney General to bring civil enforcement actions). County District Attorneys prosecute criminal violations under the Penal Law within their respective counties and do so in the exercise of independent prosecutorial discretion.

**Response to Paragraph 29**: Disputed as stated, although this assertion is immaterial. While Plaintiffs do not dispute that the Attorney General is specifically designated as having enforcement authority over the civil marketplace prohibition set forth in General Business

Law § 396-eee, and so is rightly subject to a pre-enforcement challenge, that does not relieve the Monroe County DA of enforcement authority or render it not a proper party to this suit.

The Monroe County DA is "a party to the Body Armor Ban's enforcement framework" through its authority to prosecute criminal violations. *See* N.Y. County Law § 700(1); N.Y. Penal Law § 270.21 ("Unlawful purchase of body armor is a class A misdemeanor for a first offense and a class E felony for any subsequent offense."). Regardless of whether the Monroe County DA has coextensive authority with the Attorney General to enforce the full breadth of the Body Armor Ban, the office has enforcement authority and has never disavowed any intent not to exercise it.  That relief against the Monroe County DA would be only partial relief does not deprive the Plaintiffs of standing to seek it. *Knight v. City of New York*, 164 F.4th 173, 179 (2d Cir. 2026) ("To satisfy Article III, a plaintiff must show that his requested relief would provide meaningful redress for *an* injury, not that it would relieve him of *every* injury.");

30.    Plaintiffs' Statement of Undisputed Material Facts does not identify the Monroe County DA by name in any of its twenty-four numbered paragraphs. The only reference to Monroe County DA Doorley in Plaintiffs' motion papers appears in a single sentence of the accompanying memorandum of law, which states that neither the State Police, Erie County DA Keane, nor Monroe County DA Doorley has "disavowed enforcement" of the Body Armor Ban. Pls.' Mem. at 7. No other facts are offered to support summary judgment against the Monroe County DA.

**Response to Paragraph 30**: Disputed as stated, although this statement is immaterial. Mr. Wurtenberg is a Monroe County resident who has stated that he "would immediately purchase and possess," and in fact "would have already purchased," various types of

proscribed body armor, but for the Body Armor Ban. *See* Decl. of J. Wurtenberg, ¶¶ 3, 4, Ex. N (ECF No. 69-4). He has further testified to an intent to "replace" the body armor he already owned when it expires in the coming years. Belka Decl. Ex. B, Dep. 61:1–13 (ECF 77-6).

The Monroe County DA is authorized to prosecute criminal prosecutions, including those for violations of the Body Armor Ban. *See* N.Y. County Law § 700(1); N.Y. Penal Law § 270.21. Accordingly, an injunction would "[e]liminate [a] significant threat of criminal prosecution" and so "would provide . . . a sufficiently meaningful benefit to satisfy Article III's redressability prong." *Knight*, 164 F.4th at 179.

*   *   *

Because the Body Armor Ban violates the Second Amendment to the U.S. Constitution, Plaintiffs are entitled to summary judgment on their claim seeking declaratory and injunctive relief to prevent the Monroe County DA from enforcing it.

Respectfully Submitted,                    FLUET

Dated:   McLean, Virginia                  By: */s/ Nicolas J. Rotsko*
         May 29, 2026                           Nicolas J. Rotsko, Esq.

                                           1751 Pinnacle Drive
                                           Suite 1000
                                           Tysons, VA 22102
                                           T: (703) 590-1234
                                           F: (703) 590-0366
                                           nrotsko@fluet.law
                                           *Attorney for Plaintiffs*

6