UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BENJAMIN HEETER, JOSEPH WURTENBERG, and
FIREARMS POLICY COALITION, INC,

Plaintiffs,

v.

LETITIA JAMES, in her official capacity as Attorney General
of the State of New York, STEVEN G. JAMES, in his official
capacity as Superintendent of the New York State Police, and
MICHAEL J. KEANE, in his official capacity as District
Attorney for the County of Erie, and SANDRA DOORLEY,
in her official capacity as District Attorney for the County of
Monroe,

Defendants.

No. 24-cv-00623 (JLS)

## STATE DEFENDANTS' RESPONSE TO AMICUS BRIEF

LETITIA JAMES
Attorney General
State of New York
350 Main Place, Suite 300A
Buffalo, New York 14202

Ryan L. Belka
James M. Thompson
Assistant Attorneys General
Of Counsel

i

Defendants Steven G. James, sued in his official capacity as Superintendent of the New York State Police (the "Superintendent") and Letitia James, sued in her official capacity as Attorney General of the State of New York (the "Attorney General") (collectively the "State Defendants"), respectfully submit this response to amicus brief filings.

## PRELIMINARY STATEMENT

Plaintiffs have invited this court to improperly bypass the guardrails for amicus briefs by suggesting the court can adopt evidence presented by the amicus that was not subject to vetting in discovery.   ECF No. 80, Point IV, pp. 36-40.   Courts have been regularly counseled against injecting novel legal claims and structural arguments that neither primary party has raised by the party presentment doctrine. *See generally United States v. Sineneng-Smith*, 140 S. Ct. 1575 (2020). Certainly, if unraised legal arguments are an improper use of amicus briefs, using an amicus brief to meet an unmet evidentiary standard, particularly when evidence provided by the amicus is unvetted through the discovery process, would also be an improper use of this court's discretion.

## ARGUMENT

**I.      THE PARTY PRESENTMENT DOCTRINE LIMITS THE ROLE OF AMICI**

As established by the Supreme Court, federal courts operate under an adversarial system dependent on the evidence and arguments framed by the litigants themselves.  *Greenlaw v. United States,* 554 U.S. 237, 243 (2008).  Because the suggested use of the amicus brief filed in support of Plaintiffs violates the core tenets of the party presentment doctrine, this Court should limit the applicability of any filed amicus brief to historical uses of aiding the court by providing broader legal context strictly bound by constitutional and prudential limits.  The court should here should not accept Plaintiffs' invitation to use an amicus brief as a substitute for evidence not presented by a party, especially when that evidence has not been vetted by discovery under the federal rules. *See also* ECF No. 77-1 at pp. 21-23, and 32-34.

The structural role of an amicus curiae is rigidly limited by the party presentment doctrine. In *United States v. Sineneng-Smith*, 140 S. Ct. 1575 (2020), the Supreme Court reaffirmed that, "we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *Id.* at 1579 (quoting *Greenlaw v. United States*, 554 U.S. 237, 243 (2008)). The *Sineneng-Smith* Court made clear that federal courts are fundamentally constrained by the choices of the litigants. The judiciary follows the principle of party presentment, meaning that courts "do not, or should not, sally forth each day looking for wrongs to right." *Id.* Instead, courts must decide only the specific grievances, arguments, and evidence that the parties choose to bring before them.

An amicus brief must be a supplement, not a substitute. It is improper for an amicus to step into the shoes of a litigant or for the court to recognize a second path for providing evidence in circumvention of the discovery rules. Here, Plaintiffs have chosen not disclose experts or provide evidence subject to the rigors of discovery, and the court should not take Plaintiffs' invitation to improperly supplement their evidence by reference to amici that were not subjected to the discovery process. *See* ECF No. 77-1 at pp. 21-23, and 32-34. *Sineneng-Smith* and the party presentment doctrine forbid the district court from entertaining arguments and evidence not raised by the parties and, thus, it should decline Plaintiffs' invitation to consider amicus briefs outside of to their accepted role in federal litigation.

## CONCLUSION

Amicus briefs utility must be strictly limited by constitutional and prudential limits and should not be used, as suggested by Plaintiffs, as a supplemental reservoir of unvetted evidence that circumvents discovery under the Federal Rules.

2

Dated: Buffalo, New York
      July 10, 2026

LETITIA JAMES
Attorney General
State of New York


By: */s/ Ryan L. Belka*
    RYAN L. BELKA
    Assistant Attorney General
    350 Main Place, Suite 300A
    Buffalo, NY 14202
    (716) 853-8440
    Ryan.Belka@ag.ny.gov

    JAMES M. THOMPSON
    Special Counsel
    28 Liberty Street
    New York, NY 10005
    (212) 416-6556
    James.Thompson@ag.ny.gov

3